J-S08045-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FRANCISCO ORTIZ | : | |
| | : | |
| Appellant | : | No. 2149 EDA 2025 |

Appeal from the Judgment of Sentence Entered March 31, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0009373-2019

BEFORE: PANELLA, P.J.E., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.: **FILED JULY 14, 2026**

Appellant Francisco Ortiz appeals from the judgment of sentence imposed following his conviction for third-degree murder and related offenses. On appeal, Appellant challenges the discretionary aspects of his sentence. We affirm.

A prior panel of this Court summarized the underlying facts of this matter as follows:

> The records from these consolidated appeals reveal that, at [Docket No. 9373-2019], Appellant was arrested and charged with four counts each of attempted murder, aggravated assault,[fn1] and related offenses for firing a gun into to the victims' vehicle after receiving fake $20 bills in a drug transaction. One of the victims, 11-month-old Yaseem Jenkins, was paralyzed, unable to speak, and required a feeding tube as a result of his wounds. At the age of three, Jenkins suffered an aspiration after eating through his feeding tube and died. On May 9, 2022, Appellant was arrested and charged with third degree murder[fn2] at [Docket No. 5043-2022 for the offense involving Jenkins].

> After a four-day bench trial in June of 2023, the trial court found Appellant guilty of third degree murder at [Docket No.] 5043-2022 and three counts of attempted murder, aggravated assault, and related offenses at [Docket No. 9373-2019]. On October 23, 2023, the trial court imposed twenty to forty years of incarceration for third degree murder and a consecutive, aggregate total of [seventeen and one half to thirty-five] years of incarceration for the [third-degree murder charge involving Krystal Ortiz-Pabon at Docket No. 9373-2019].
>
> [fn1] 18 Pa.C.S. §§ 901, 2502, 2702.
>
> [fn2] 18 Pa.C.S. §§ 2502(c).

***Commonwealth v. Ortiz***, 2898 EDA 2023, 2024 WL 5183225 at *1 (Pa. Super. filed Dec. 20, 2024) (unpublished mem.). On appeal, Appellant argued, and both the Commonwealth and the trial court agreed, that Appellant's sentence for attempted murder at Docket No. 9373-2019 was illegal, as it exceeded the twenty-year statutory maximum for an attempted murder that does not result in serious bodily injury. ***See id.***; ***see also*** 18 Pa.C.S. § 1102(c). Therefore, this Court affirmed Appellant's sentence at Docket No. 5043-2022, but vacated the sentence at Docket No. 9373-2019 and remanded to the trial court for resentencing. ***See Ortiz***, 2024 WL 5183225 at *1.

On remand, the trial court resentenced Appellant to seven and one half to twenty years' incarceration for the attempted murder charge at Docket No. 9373-2019, to run consecutive to Appellant's other sentences. Appellant filed a timely post-sentence motion challenging the discretionary aspects of his sentence, which was denied by operation of law.

Appellant filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a Rule 1925(a) opinion addressing Appellant's claims.

On appeal, Appellant raises the following issue for review:

Did the [trial] court err in resentencing Appellant to a maximum sentence on the top end with a sentence of [seven and one half to twenty] years and the sentence constitutes an abuse of discretion in that it fails to address the norms of sentencing, deviates from the guidelines, imposes multiple sentences some of which run consecutive, and there was not proper justification on the record for imposing a statutory maximum sentence at the top end and without consideration for Appellant's background, mental health issues, and potential for rehabilitation?

Appellant's Brief at 4 (some formatting altered).

Appellant argues that he "was sentenced to an excessive and top-end maximum sentence without justification" and that there was "a singular and excessive focus on retribution." *Id.* at 11. In support, Appellant notes that he "received consecutive sentences on multiple counts on multiple dockets" which is "indicative of a rigid, solitary focus on retribution with no consideration of Appellant's background or potential for rehabilitation because an excessive and maximum sentence was imposed without any consideration of the sentencing guidelines and Appellant's background." *Id.* at 10. Therefore, Appellant concludes that we should remand the matter for resentencing. *Id.* at 11.

"[C]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." ***Commonwealth v. Derry***, 150 A.3d 987,

991 (Pa. Super. 2016) (citations omitted). Before reaching the merits of such claims, we must determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issues; (3) whether Appellant's brief includes a [Pa.R.A.P. 2119(f)] concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is inappropriate under the sentencing code.

*Commonwealth v. Corley*, 31 A.3d 293, 296 (Pa. Super. 2011) (citations omitted).

"To preserve an attack on the discretionary aspects of sentence, an appellant must raise his issues at sentencing or in a post-sentence motion. Issues not presented to the sentencing court are waived and cannot be raised for the first time on appeal." *Commonwealth v. Malovich*, 903 A.2d 1247, 1251 (Pa. Super. 2006) (citations omitted); *see also* Pa.R.A.P. 302(a) (stating that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal").

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Battles*, 169 A.3d 1086, 1090 (Pa. Super. 2017) (citation omitted). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms

which underlie the sentencing process." ***Commonwealth v. Grays***, 167 A.3d 793, 816 (Pa. Super. 2017) (citation omitted).

Here, the record reflects that Appellant preserved this issue by raising it in his post-sentence motion, filing a timely notice of appeal and a court-ordered Rule 1925(b) statement, and including a Rule 2119(f) statement in his brief. ***See Corley***, 31 A.3d at 296. Further, Appellant's claim raises a substantial question for our review. ***See Commonwealth v. Raven***, 97 A.3d 1244, 1253 (Pa. Super. 2015) (holding that "[t]his Court has held that an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question" (citation omitted)).

Our well-settled standard of review is as follows:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

Additionally, our review of the discretionary aspects of a sentence is confined by the statutory mandates of 42 Pa.C.S. § 9781(c) and (d). Subsection 9781(c) provides:

The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:

(1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;

(2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or

(3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa.C.S. § 9781(c).

In reviewing the record, we consider:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation [(PSI)].

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d).

*Raven*, 97 A.3d at 1253-54 (citation omitted).

"When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S. § 9721(b), [including] the protection of the public, [the] gravity of offense in relation to impact on [the] victim and community, and [the] rehabilitative needs of the defendant." *Commonwealth v. Fullin*, 892 A.2d 843, 847 (Pa. Super. 2006) (citation omitted and formatting altered). "A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender."

***Commonwealth v. Schutzues***, 54 A.3d 86, 99 (Pa. Super. 2012) (citations omitted), *overruled on other grounds by*, ***Commonwealth v. Seals***, 353 A.3d 747 (Pa. Super. 2026).

Additionally, the trial court "must consider the sentencing guidelines." ***Fullin***, 892 A.2d at 848 (citation omitted). However, "where the trial court is informed by a PSI [report], it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." ***Commonwealth v. Edwards***, 194 A.3d 625, 638 (Pa. Super. 2018) (citation omitted and formatting altered).

The balancing of the sentencing factors is the sole province of the sentencing court, which has the opportunity to observe the defendant and all witnesses firsthand. ***See Commonwealth v. Kurtz***, 294 A.3d 509, 536 (Pa. Super. 2023), *appeal granted on other grounds*, 306 A.3d 1287 (Pa. 2023). In conducting appellate review, this Court "cannot reweigh sentencing factors and impose judgment in place of sentencing court where lower court was fully aware of all mitigating factors." ***Id.*** (citation omitted).

Here, the trial court explained:

The court studied the [PSI] and mental health reports, along with all the evidence presented, and considered numerous factors, such as the nature of the crimes, [Appellant's] background, the likelihood of rehabilitation and the need for the public to be protected from this behavior by the defendant again. The court specifically studied the mitigation factors presented in those reports, as well as those presented during the sentencing hearing. The sentence imposed on [A]ppellant took into account all of those considerations.

[Appellant] was sentenced to seven and one-half to twenty years' incarceration for attempted murder. As noted above, Nafes Monroe gave two counterfeit twenty-dollar bills to purchase marijuana on the street, and [Appellant's] response was to shoot at the car, containing not only Mr. Monroe, but Krystal Ortiz-Pabon as well as Yaseem Jenkins, the eleven-month-old child, who [was paralyzed as a result of being shot by Appellant]. [Appellant] had a prior record [score] of [five],[1] and the [PSI] report detailed his extensive criminal history. By sheer luck, Ms. Ortiz-Pabon did not suffer serious bodily injury herself in this incident, making the permissible maximum sentence ten to twenty years. As such, [Appellant's] sentence of seven and one-half to twenty years was clearly warranted.

[Appellant] produced no evidence that the sentence imposed was either inconsistent with a specific provision of the sentencing code or contrary to the fundamental norms which underlie the sentencing process and as such, there is no substantial question. This court examined [Appellant's] background, character, and rehabilitative needs, and the two forensic reports detailed the relevant information regarding these factors, all of which was considered.

. . . The court reviewed all the material submitted, considered all the testimony and arguments of counsel, and imposed an appropriate sentence. The undersigned considered [Appellant's] mental health and rehabilitative needs as well as his history, the need for the protection of the public and the gravity of the offense.

Trial Ct. Op. at 5-7 (citations omitted and some formatting altered).

Following our review of the record, we discern no abuse of discretion by the trial court. *See Raven*, 97 A.3d at 1253. The record reflects that the trial court ordered a PSI report, which it reviewed prior to sentencing. *See*

---

[1] We note that attempted murder has an offense gravity score (OGS) of thirteen if there is no serious bodily injury. *See* 204 Pa.Code § 303.3(c)(4). As such, the standard minimum guideline range for Appellant's attempted murder conviction was eight to nine and one half years' imprisonment, plus or minus twelve months for aggravating or mitigating circumstances. *See* 204 Pa.Code § 303.16(a). Therefore, Appellant's sentence of seven and one-half to twenty years was in the mitigated range.

N.T., 3/31/25, at 4. Therefore, we presume that the trial court was fully aware of the mitigating factors and considered them when imposing Appellant's sentence. *See Edwards*, 194 A.3d at 638; *see also Kurtz*, 294 A.3d at 536. Further, we will not re-weigh the trial court's consideration of the relevant sentencing factors on appeal. *See Kurtz*, 294 A.3d at 536. Finally, we conclude that the trial court did not abuse its discretion in imposing consecutive sentences, as it is well settled that defendants convicted of multiple criminal offenses are not entitled to a volume discount by the imposition of concurrent sentences. *See Commonwealth v. Brown*, 249 A.3d 1206, 1216 (Pa. Super. 2021); *see also Commonwealth v. Pisarchuk*, 306 A.3d 872, 881 (Pa. Super. 2023). For these reasons, we conclude that Appellant is not entitled to relief.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/14/2026